# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| RESOURCE NOW GROUP, INC. | § | |
| | § | |
| | § | Civil Action No. 4:17-CV-00726 |
| v. | § | Judge Mazzant |
| | § | |
| HEATHER O'SHEA | § | |
| | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff's Motion to Remand (Dkt. #6). Having considered the relevant pleadings, the Court is of the opinion that the Motion to Remand should be denied.

## BACKGROUND

In February 2017, Plaintiff Research Now Group, Inc. ("Research Now") employed Heather O'Shea ("O'Shea") as the Vice President of Ad & Audience Research based in New York. In connection with her employment, on February 27, 2017, O'Shea entered into a Confidentiality, Non-Solicitation, Non-Completion and Intellectual Property Assignment Agreement (the "Agreement") with Research Now. On or around June 2017, O'Shea accepted new employment as a Senior Vice President of Client Services for Millward Brown Digital's Media and Agency division.

On July 31, 2017, Research Now filed its Original Petition against O'Shea in the 429th Judicial District Court of Collin County, Texas (Dkt. #3), asserting claims for breach of contract and violations of the Texas Uniform Trade Secrets Act, seeking to enjoin O'Shea from directly competing with it.

On October 10, 2017, O'Shea filed a Notice of Removal in this Court based on diversity jurisdiction (Dkt. #1 at p. 3). On October 30, 2017, Research Now filed a Motion to Remand (Dkt. #6), asserting that the parties consented to a mandatory forum-selection clause in the

Agreement, which provides that a Texas state court has jurisdiction over any disputes arising under the Agreement. The Agreement states in pertinent part:

> This Agreements shall be subject to the laws of the State of Texas, exclusive of its choice of law provisions, and the courts of the State of Texas shall have jurisdiction over any and all disputes arising from or pertaining to this Agreement to the extent consistent with Section 7.8.

(Dkt. #7 at ¶ 7.7).

On November 13, 2017, O'Shea filed a response (Dkt. #9). On November 20, 2017, Research Now filed a reply (Dkt. #10).

**LEGAL STANDARD**

Title 28, Section 1441 of the U.S.C., the general removal statute, allows a defendant to remove a case to the federal district court for the district and division within which the action is pending, provided that the district court possesses original jurisdiction. 28 U.S.C. § 1441(a). A federal district court possesses original jurisdiction if the parties could have initially filed in federal court pursuant to 28 U.S.C. §§ 1331–1334. Title 28, Section 1332(a) of the U.S.C. confers jurisdiction on district courts over civil actions between citizens of different states where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). For jurisdiction to exist under Section 1332, diversity must be complete in that no plaintiff and no defendant may be citizens of the same state. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). As a general rule, the burden of proving that federal jurisdiction exists falls on the removing party. *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

Section 1446 establishes the procedures by which a defendant may remove a suit filed in state court to federal court. *See* 28 U.S.C. § 1446. A notice of removal must normally be filed within thirty (30) days after the defendant receives the initial pleading setting forth the claim for relief upon which the action is based, or within thirty (30) days of service of summons if the state's

rules of procedure do not require the defendant to be served, whichever period is shorter. 28 U.S.C. § 1446(b). Similarly, 28 U.S.C. § 1447 establishes the procedures following removal. Specifically, Section 1447 provides that "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal . . . ." 28 U.S.C. § 1447(c). In contrast, if a court finds that it lacks subject matter jurisdiction, the court must remand the case, even if the thirty (30) days have passed. *Id.*

## ANALYSIS

O'Shea contends that the forum-selection clause is unenforceable because the Agreement was never fully executed. She reasons that the parties intended the Agreement to require both parties' signatures as a condition precedent to its enforceability, and because Research Now never signed the Agreement, the Agreement was never fully executed. In the alternative, she argues that the forum-selection clause is permissive, not mandatory. Thus, remand is inappropriate.

Research Now asserts that the parties consented to the terms of the Agreement and there is no evidence in the record to suggest that the parties intended for a signature to be a condition precedent to the execution of the agreement. Therefore, Research Now's failure to sign the Agreement does not render the Agreement unenforceable. Research Now further argues that the forum-selection clause is mandatory, not permissive.

Assuming that the Agreement is valid and enforceable, including the forum-selection clause, the Court finds that the forum-selection clause is permissive rather than mandatory, and remand is inappropriate.

Before determining whether a forum-selection clause is permissive or mandatory, "[a] federal court sitting in diversity ordinarily must follow the choice-of-law rules of the State in which it sits" to determine which substantive law governs the interpretation of the forum-selection clause.

3

*Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 134 S.Ct. 568, 582, 187 L.Ed. 2d 487 (2013); *see Klaxon Co. v. Stentor Elec. Mfg. Co.,* 313 U.S. 487, 494–496, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941); *Weber v. PACT XPP Techs., AG*, 811 F.3d 758, 768 (5th Cir. 2016). The Court then "appl[ies] that substantive law to the language of the [forum-selection clause] to decide whether it is mandatory or permissive." *Weber*, 811 F.3d at 769.

Research Now initiated this action in a Texas state court. Thus, under *Klaxon*, Texas choice-of-law rules apply. 313 U.S. at 496, 61 S. Ct. at 1021 ("The conflict of laws rules to be applied by the federal court in Delaware must conform to those prevailing in Delaware's state courts."). The Agreement contains a governing law provision, which states that "this Agreement shall be subject to the laws of the State of Texas . . . ." (Dkt. #7 at ¶ 7.7). If a valid choice-of-law provision remains in effect, Texas law would apply. If the Agreement's choice-of-law clause is unenforceable, Texas law would also apply. *Barnett v. DynCorp Int'l, LLC*, 831 F.3d 296, 304 (5th Cir. 2016) (citing *Nexen Inc. v. Gulf Interstate Eng'g Co.*, 224 S.W.3d 412, 421 (Tex. App.—Houston [1st Dist.] 2006, no pet.)). Thus, Texas law applies whether or not the Agreement is valid and enforceable.[1]

"A party's consent to jurisdiction in one forum does not necessarily waive that party's right to have an action heard in a different forum." *City of New Orleans v. Mun. Admin. Serv., Inc.*, 376 F.3d 501, 504 (5th Cir. 2004); *see Caldas & Sons, Inc. v. Willingham*, 17 F.3d 123, 127 (5th Cir. 1994). "For a forum selection clause to be exclusive, it must go beyond establishing that a particular forum will have jurisdiction and must clearly demonstrate the parties' intent to make that jurisdiction exclusive." *City of New Orleans*, 376 F.3d at 504 (citing *Keaty v. Freeport Indonesia, Inc.,* 503 F.2d 955 (5th Cir.1974)).

---

[1] Additionally, this choice-of-law analysis was not raised in either parties' briefing and neither Party disputes that Texas law should apply to the interpretation of the forum-selection clause.

"Where an agreement contains clear, unequivocal, and mandatory language showing that jurisdiction is appropriate only in a designated forum, the clause is considered mandatory. *Oxysure Therapeutics, Inc. v. Gemini Master Fund, Ltd.*, No. 4:15-CV-00821, 2016 WL 4083241, at *5 (E.D. Tex. July 8, 2016), *report and recommendation adopted*, No. 4:15-CV-00821, 2016 WL 4039226 (E.D. Tex. July 28, 2016) (citing *Von Graffenreid v. Craig*, 246 F. Supp. 2d 553, 560 (N.D. Tex. 2003)). Permissive forum selection clauses authorize jurisdiction in the designated forum, but do not prohibit litigation elsewhere. *See Id.* Ambiguous forum selection clauses must be construed against the drafter. *Keaty,* 503 F.2d at 957.

For a forum selection clause to be mandatory, the provision must clearly indicate its obligatory nature and refer specifically to venue. The language in the Agreement's forum selection clause states, "the courts of the State of Texas *shall have jurisdiction* over any and all disputes arising from or pertaining to this Agreement" (Dkt. #7 at ¶ 7.7 ) (emphasis added). Research Now is correct in its assertion that "the word 'of' is used as a function word to indicate belonging or a possessive relationship, and that the federal courts of the Eastern District of Texas are not courts *of* Texas because they do not belong to Texas, but rather are courts *of* the United States." *Dixon v. TSE Int'l Inc.*, 330 F.3d 396, 397–98 (5th Cir. 2003) (internal quotations omitted). Furthermore, "words such as 'shall' are indicators of mandatory forum-selection clauses and demonstrate an intent of the parties to limit jurisdiction to a particular forum." *Oxysure Therapeutics, Inc.*, 2016 WL 4083241, at *5.

However, after reviewing the provision and the cases cited by the parties, the Court finds that the forum selection clause is a permissive clause and not mandatory. *See, e.g. Dixon*, 330 F.3d at 398; *Caldas & Sons*, 17 F.3d at 127; *Keaty,* 503 F.2d at 956–57; *Hunt Wesson Foods, Inc. v. Supreme Oil Co.*, 817 F.2d 75, 78 (9th Cir. 1987); *Watson v. John K. Burch Co.*,

No. 3:02-CV-2555, 2003 WL 21145744, at *3 (N.D. Tex. May 14, 2003).  The language of the Agreement consents to jurisdiction in Texas but does not clearly refer to a choice of venue.  A forum-selection clause is mandatory "only if it contains clear language specifying that litigation *must* occur in the specified forum-and language merely indicating that the courts of a particular place 'shall have jurisdiction' (or similar) is insufficient to make an [forum-selection clause] mandatory." *Weber*, 811 F.3d at 768.  The provision's requirement that the parties agree to submit to the courts of Texas for any disputes does not unambiguously require that the disputes must be brought or litigated in Texas, and an agreement on venue is not specified.  The Court finds that this forum-selection clause is permissive, thus, venue in this Court is proper.  The Court finds that Research Now's motion to remand is denied.

## CONCLUSION

It is therefore **ORDERED** that Plaintiff's Motion to Remand (Dkt. #6) is hereby **DENIED**.

**IT IS SO ORDERED**.

**SIGNED** this 17th day of January, 2018.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE